[No. 10,105.]

## THE PEOPLE *v.* PERDUE.

BAIL AFTER JUDGMENT IN CRIMINAL CASE.—The fact that a prisoner has been convicted of the crime of manslaughter, and sentenced, does not, in law, afford a reason why the District Judge should refuse to entertain an application to admit him to bail, pending the appeal.

IDEM.—It is a matter of discretion, whether a prisoner, who has been convicted of manslaughter, and sentenced, should be admitted to bail pending an appeal taken by him.

TO-WHOM APPLICATION FOR BAIL SHOULD BE MADE.—In practice, the power to admit a prisoner to bail, pending an appeal taken by him, ought not to be exercised by the Supreme Court in the first instance, nor until after the determination upon its merits, of an application for bail, before the Judge who tried the cause.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The facts are stated in the opinion.

*J. O. Goodwin,* for the motion.

*Attorney-General Love,* contra.

By the Court, WALLACE, C. J.:

The prisoner, adjudged guilty of the crime of manslaughter, and sentenced to suffer imprisonment in the State Prison for the period of two years, has prosecuted an appeal, and now moves that he be admitted to bail pending the appeal. The statute (Penal Code, Sec. 1,272) provides

that in such a case as this the prisoner may be admitted to bail "as a matter of discretion." The views I entertain upon the general question were expressed in *Ex parte Hoge, ante* p. 3. In that case the Judge of the Court in which the prisoner had been convicted had considered his application, and had refused to admit him to bail.  It is understood that in the present case the Judge of the Court below has refused to consider the application of the prisoner because the appeal taken had brought the case to this Court.  That circumstance, in point of law, afforded no reason why the application should not be entertained by the District Judge. The facts and circumstances going to make up the legal discretion in the sound exercise of which the prisoner may be admitted to bail, are necessarily within the knowledge of the Judge who presided at the trial, and, in practice, the power to admit to bail pending the appeal, ought not to be exercised by us in the first instance, or until after the determination of the application below upon its merits.

The motion made here must, therefore, be denied, with leave to the prisoner to renew the application to the Judge of the Court below.

So ordered.