[No. 10,461.]

## Ex Parte SMALLMAN et al.

Bail.—Admission to bail pending an appeal, after conviction of felony, is a matter of discretion merely; and in general should not be allowed, except where circumstances of an extraordinary character have intervened.   Nature of such circumstances considered.

Application on *habeas corpus* to be admitted to bail.

*R. M. Swain*, for Petitioners.

Wallace, C. J.:

The prisoners, having been convicted of the crime of grand larceny, and having taken an appeal to the Supreme Court from

the judgment of conviction, and from an order of the Municipal Criminal Court denying their motion for a new trial, make their application to be admitted to bail pending their appeal.

1. It is settled here that a person convicted of a felony of this grade is to be admitted to bail, or bail refused, *as a matter of discretion merely.* (*Ex parte Voll*, 41 Cal. 30.) This is the admitted doctrine of that case, and if it is to be overruled it should be overruled *by the Court.* Besides, I am satisfied that the rule there announced is correct — is conformable to the Constitution, and it certainly follows the precise words of the statute.

2. What then is the nature of the *discretion* in the exercise of which this application is to be determined? This inquiry I had occasion to answer upon another occasion, (*Ex parte Marks*, 49 Cal. 681) where I said that it was not an arbitrary discretion, but one measured by legal rules and by reference to the analogies of the law; and the conclusion which was reached in that case was that, except where circumstances of an extraordinary character had intervened, a person convicted of a felony ought not to be admitted to bail pending an appeal. If the practice were otherwise, it would result that no person, however guilty, if he had wealth or friends, could be punished at all. What is meant by "circumstances of an extraordinary character" occurring after conviction was inquired by counsel at the argument. Obviously this question cannot be fully or satisfactorily answered by mere anticipation of possibilities. It might be that after conviction of a felonious homicide the supposed deceased was produced and seen to be alive; or it might be discovered that property, the subject of a supposed larceny, had all the time been in the possession of its owner, and overlooked by his mistake. A variety of illustrations might be suggested of circumstances distinguishing a particular case from the general mass of other criminal cases, and appealing more or less strongly to the discretion of the court to admit the prisoner to bail, even after conviction.

It is not pretended that any circumstances of an extraordinary character affecting the condition of the petitioners here

have occurred since their conviction.   None are asserted in the petition for the writ, nor were any such proven at the hearing. The circumstance suggested at bar, that some of the jurors had, since the trial, stated that they had become satisfied that they committed a mistake in rendering their verdict against the accused, is, of course, not entitled to the slightest attention.

I have looked, too, somewhat into the record brought here upon appeal by the petitioners.   The case upon appeal has not been submitted for decision, and it is not necessary—perhaps not proper—in view of the argument hereafter to be had, that I should indicate my views *in extenso* upon the particular points made in the discussion had before me.   It is sufficient to say that I discover nothing in the record which would justify me in acceding to the petition.

The application is therefore refused, and the petitioners remanded.  So ordered.

RHODES, J., McKINSTRY, J.. and NILES, J., concurring. CROCKETT, J., absent.