[No. 20844.   In Bank. — May 15, 1891.]

## EX PARTE J. D. SMITH, UPON HABEAS CORPUS.

HABEAS CORPUS — CONVICTION OF FELONY — ADMISSION TO BAIL PENDING APPEAL. — Pending appeal from a conviction for felony, the admission of the defendant to bail is allowed as a matter of discretion, and not as a matter of right, and this discretion ought not to be exercised in favor of the admission to bail, except where circumstances of an extraordinary character have intervened upon which to base its exercise.

ID. — REVIEW OF ERRORS. — The supreme court will not, upon application for a writ of *habeas corpus* to admit to bail a defendant convicted of felony, review or consider alleged errors of law committed by the lower court.

Id. — RULE OF TRIAL COURT. — The supreme court will not, upon such application, be affected in its action by any rule adopted by the trial court inflexibly refusing to admit to bail defendants convicted of felony, but will pass upon the merits of the petition presented to it.

APPLICATION to the Supreme Court for admission to bail upon writ of *habeas corpus*.   The facts are stated in the opinion of the court.

*S. J. Hinas*, and *Frank Short*, for Petitioner.

*Attorney-General Hart*, for Respondent.

GAROUTTE, J. — This is an application for the issuance of a writ of *habeas corpus* for the purpose of ordering that the defendant be admitted to bail pending his appeal.

The petition for the writ sets forth that " the petitioner was charged, by information in the superior court of Fresno County, of the crime of murder;

" That thereafter he was convicted of the offense of manslaughter, and sentenced to imprisonment in the state prison for ten years;

" That a motion for a new trial was denied, and the judge of the trial court issued a certificate of probable cause, and an appeal upon the merits of the case is now pending in this court;

" That the trial court committed errors of law that appear from the face of the record, and that the evidence at the trial was insufficient to justify a conviction;

" That the trial court has established a uniform rule that it will not admit any defendant to bail pending appeal upon conviction for felony."

In this class of cases, bail is allowed as a matter of discretion, and not as a matter of right. (Pen. Code, sec. 1272.)

In *Ex parte Smallman*, 54 Cal. 36, this court outlined the general character of facts necessary to exist, upon which to base an exercise of this discretion, and held that except where circumstances of an extraordinary character had intervened, a person convicted of a felony ought not to be admitted to bail pending an appeal; and to the same effect is *Ex parte Marks*, 49 Cal. 681, and *Ex parte Brown*, 68 Cal. 183.

The petition in this case shows no such circumstances.

We cannot, in this proceeding, examine into the alleged errors of law committed by the lower court, and thus prejudge the case before it comes before us upon its merits.

The fact that the trial court has adopted an inflexi-

ble rule not to admit any defendant to bail who has been convicted of a felony can have no weight with us, however inconsistent such rule may be when compared with section 1272 of the Penal Code.

This court passes upon the merits of the petition as presented to it, and regardless of any action or rule the trial court may have adopted.

Application denied.

DE HAVEN, J., HARRISON, J., MCFARLAND, J., PATERSON, J., and BEATTY, C. J., concurred.