[Crim. No. 172. In Chambers.—May 15, 1896.]

Ex parte J. F. TURNER, on Habeas Corpus.

Criminal Law—Conviction of Felony—Admission to Bail Pending Appeal—Discretion—Ill-health of Defendant.—Admission of a defendant to bail pending an appeal, after conviction of a felony, is matter of discretion and not of right, and such discretion is vested primarily in the court that tried the cause, or the judge thereof, and it should not be exercised to liberate the defendant except where circumstances of an extraordinary character have intervened since conviction, rendering such action obviously proper; and the fact that the defendant is in ill-health, where there is no showing that there is such imminence of dangerous results to his life or health as to require his removal from the county jail, does not disclose an abuse of discretion of the trial judge in refusing to admit him to bail.

ID.—RENEWAL OF APPLICATION.—The denial of one application for admission to bail does not preclude another application where circumstances require its renewal; but such application should always be made in the first instance, if practicable, to the judge before whom the defendant was tried.

APPLICATION to a justice of the Supreme Court for admission to bail pending an appeal from the Superior Court of the City and County of San Francisco from a judgment of conviction of forgery. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion.

*George A. Knight*, for Petitioner.

VAN FLEET, J.—Application for admission to bail pending appeal.

The petition shows that the prisoner, Turner, has been convicted of forgery in the superior court of the city and county of San Francisco, and sentenced to confinement in the state prison—for what term does not appear; that he has taken an appeal to this court from the judgment, and that a certificate of probable cause has been granted by the judge before whom he was tried, and he is now confined in the county jail of said city and county, pending the determination of such appeal.

The petition also shows that since his conviction, application has been made by him to the trial judge for admission to bail, upon the ground that he is in ill-health, and his life is endangered by his confinement, and that such application was denied.

The present application is now made to me upon the same ground, and has been submitted upon substantially the same evidence and showing as that made before the trial judge. This evidence tends to show that the prisoner was not, at the date of his being taken into custody, a man of robust health, and that during his confinement his health has further declined, and he has lost flesh and strength to some extent, and that there is, in the judgment of his physicians, danger arising from his

present condition that his health may be permanently and dangerously affected by further confinement at the present time.

Admission to bail after conviction is purely a matter of discretion and not of right (Pen. Code, sec. 1272); and it has been several times held by the supreme court of this state that such discretion should not be exercised in favor of the liberation of a defendant pending appeal, except in instances where circumstances of an extraordinary character have intervened since conviction which make such action obviously proper. (*Ex parte Smallman*, 54 Cal. 36; *Ex parte Marks*, 49 Cal. 681; *Ex parte Brown*, 68 Cal. 183; *Ex parte Smith*, 89 Cal. 79.)

The discretion given in cases of this kind is vested primarily in the court that tried the cause, or the judge thereof (*People* v. *Perdue*, 48 Cal. 552; *People* v. *January*, 70 Cal. 34); and the determination of the latter should not be disturbed or ignored except in an instance of manifest abuse. Such an instance is not here disclosed. There is nothing in the case showing the intervention of any such extraordinary circumstance as would justify holding that the application was improperly denied by the judge of the trial court. The evidence does not show that there is such imminence of dangerous results to the life or health of the defendant as to obviously require his removal from the county jail at this time. Should more serious consequences of his confinement hereafter manifest themselves, and such as to render it proper that bail should be allowed, there is nothing to preclude another application for the purpose. Such application should, however, always be made in the first instance, if practicable, to the judge before whom the defendant was tried. (*Ex parte January*, *supra*.)

Application denied.