# Ex Parte Aybar.

## Appeal, from the District Court of Mayagüez.

### No. 139.—Decided June 12, 1908.

Habeas Corpus—Petition Presented to a Justice of the Supreme Court—Remission of the Petition to the Judge of the District in Which the Petitioner is Imprisoned.—Section 471 of the Code of Criminal Procedure does not prevent an application for *habeas corpus* presented to a justice of the Supreme Court from being referred for decision to the court of the district in which the petitioner is imprisoned, and especially when the rights of the accused are not impaired and traveling expenses are saved to The People of Porto Rico.

Id.—Citation of the District Fiscal—Absence From the Hearing.—In the case at bar it appears that the district *fiscal* at Mayagüez was cited but did not appear at the hearing, and his absence does not render the proceeding null.

Id.—Bond in Criminal Appeals—Within Discretion of Judge to Allow Same—Another Judge Cannot Reverse Action.—The admission or refusal to admit a defendant to bail in the cases provided for in paragraph two of section 374 of the Code of Criminal Procedure, is a matter addressed to the exclusive discretion of the judge to whom application is made, and after the refusal of the judge in the exercise of the power granted him by section 379 of the said code, neither another judge nor this Supreme Court, knowing the facts, can vacate an order made in the exercise of such discretionary power, unless it was manifestly arbitrary, revealing prejudice, passion or a spirit of revenge.

Id.—Admission to Bail—Review by Habeas Corpus.—A district court may not by *habeas corpus* interfere with another court of record with full authority to decide whether or not a prisoner should be admitted to bail.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

Mr. Justice Figueras delivered the opinion of the court.

Julio Aybar, sentenced for libel by the judge of Arecibo to imprisonment in jail for one year, took an appeal from this judgment and presented two sureties, residents of and living in Mayagüez, that he might be set at liberty while said appeal was pending.

The judge of the Arecibo court refused the bond on the ground that the sureties were not of said district.

Under the circumstances Aybar applied for a writ of *habeas corpus* to Mr. Justice MacLeary of this Supreme Court, and prayed that the bond refused by the Arecibo judge be admitted and that, accordingly, Aybar be provisionally released from custody, the writ to be addressed to the warden or chief of the Mayagüez jail

The Justice of this Supreme Court made the writ returnable before the Mayagüez court, and to this end the proper order issued and a day was set for the hearing and other proper proceedings, with due citation of the *fiscal* of said Mayagüez court.

The judge of said district held a hearing on said application for *habeas corpus* and on April 9, 1908, based on the provisions of section 388 of the Code of Criminal Procedure, ordered the provisional release from custody of Julio Aybar, upon his furnishing bail in the said sum of $1,000, with two good sureties residing in the judicial district of Mayagüez and of well-known responsibility.

The bail was furnished and the prisoner released.

The district attorney of Mayagüez took an appeal from this order.

The *fiscal* of this Supreme Court sustains the appeal on the following grounds:

First. He holds that the writ should not have been issued returnable before the judge of Mayagüez, instead of its being heard and determined by the justice to whom the application was made.

Section 471 of the Code of Criminal Procedure, in its English edition, provides:

"The writ of *habeas corpus* may be granted:

"1. By the Supreme Court or any justice thereof, or by the district court or any judge thereof, upon petition by, or on behalf of, any person restrained of his liberty. When so issued it may be made returnable before the court or the judge issuing the same."

So that neither this law, or any other, prevented the hearing on this application for *habeas corpus* from being had before any other judge who under the law itself is vested with general jurisdiction in the matter in question, as it is without doubt the Judge of the District Court of Mayagüez who heard and decided the case.

Each matter has a special aspect and, when there is no prohibitive law to the contrary, discretion should be employed, not of an arbitrary but of a sound and prudent character, to meet the ends of justice without impairing the rights of anyone.

In the case under consideration there was one reason which, although it cannot be alleged as affecting the merits of the matter, is worthy of being considered, namely, that Aybar was imprisoned in Mayagüez, and to bring him to this city of San Juan would have entailed expenses to the People of Porto Rico.

By this no harm was done the defendant who, on the contrary, had another remedy of appeal if his application had been denied.

It is true that a right which has been impaired must be restored without the courts considering the expense such object may entail, and this is why we said before that we did not urge this as a fundamental reason for the practice followed in this case.

The object of the appellant district attorney has no sound basis in law.

Second: The *fiscal* also objects to the validity of the proceedings had without the citation or attendance of the district attorney of Mayagüez.

This objection is not supported by the facts of record.

On the contrary, it appears that the district attorney of the Mayagüez court was notified to appear at the hearing if he saw fit. It likewise appears, by oral information of the

secretary of this Supreme Court, that said order was communicated, and the appellant does not say anything as to the reason why the district attorney did not attend.

And whatever may have been the cause of his absence, it could never be maintained on this ground that the proceedings were void.

Third: Finally, the *fiscal* of this Supreme Court, who sustains the appeal, questions the "legality of the order of the Judge of the District Court of Mayagüez in intervening in the decisions of a district court which is a court of record."

The Mayagüez judge who rendered the decision appealed from based it on section 388 of the Code of Criminal Procedure, which reads as follows:

"In cases in which the defendant may be admitted to bail, upon an appeal, the order admitting him to bail may be made by any magistrate having the power to issue a writ of *habeas corpus,* or by the judge or justice before whom the trial was had."

This statute would have been properly applied if originally, or rather, if before submitting the same bond to the judge of the Arecibo court, the prisoner had applied to the Mayagüez judge.

But in the case at bar it appeared from the petition of Julio Aybar that the Arecibo judge had refused the bond because the two sureties presented were not of the District of Arecibo, the place where the crime was tried.

The judge of Arecibo must surely have availed himself of the power vested in him by section 379 of the Code of Criminal Procedure, which provides as follows:

"Each of the sureties must be a resident and a taxpayer on real estate; but the court or justice of the peace may refuse to accept any person as bail who is not a resident of the district where bail is offered."

And section 374 provides that after conviction of an offense not punishable with death, a defendant who has applied may be admitted to bail:

"1. As a matter of right, when the appeal is from a judgment imposing a fine only.

"2. As a matter of discretion in all other cases."

In this case the punishment imposed is confinement in jail for one year.

So that admission to bail in this case is purely a matter of discretion with the judge to whom it is presented, and the judge of the Mayagüez court, who had full knowledge from the petition itself that the bail submitted to him had been refused by the Arecibo judge, should not have gone against that discretionary power, which the Supreme Court itself cannot do, unless the discretion is exercised in a manifestly arbitrary manner, revealing prejudice, passion. or a spirit of vengeance contrary to the wise and sound discretionary power which the law confers upon a judge.

The essence of this sound doctrine may be found in the following opinions: *Ex parte Smalman,* 54 Cal., 35; *Ex parte Woll,* 41 Cal., 29; *Ex parte Duncan,* 53 Cal., 410.

In volume 5 of the Cyclopedia of Law and Procedure, page 81, we find that "the district court cannot interfere by *habeas corpus* with recorder's court which has full power to determine whether a prisoner shall be admitted to bail."

So that with respect to the last point alleged by the *fiscal* of this Supreme Court who sustains the appeal taken in this case, it must be conceded that the judge of the Mayagüez court erred in admitting the bail and releasing from custody the defendant, Aybar.

For this reason the decision appealed from of April 9 of the current year, rendered by the judge of the Mayagüez court, should be reversed, and consequently, Julio Aybar

should be remanded as a prisoner to the officer who had him in custody prior to the decision now reversed.

*Reversed.*

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Wolf concurred in the judgment but not as to all the grounds upon which the opinion was based.