[Crim. No. 311. First Appellate District.—January 11, 1911.]

## Ex Parte JACKSON HATCH, on Habeas Corpus.

CRIMINAL LAW—CONVICTION OF FELONY EMBEZZLEMENT—HABEAS CORPUS—ADMISSION TO BAIL PENDING APPEAL—ACTION OF TRIAL COURT—WRIT REFUSED.—A writ of *habeas corpus* will not be granted to procure admission to bail pending an appeal from a judgment, conviction and sentence for felony embezzlement, which has been fully considered and refused by the trial court.

ID.—ADMISSION TO BAIL MATTER OF SOUND DISCRETION.—Admission to bail, pending an appeal from a judgment of conviction and sentence of imprisonment for a felony is not matter of right, but is a matter resting and controlled by a sound legal discretion, which should be exercised in favor of a convicted person only when circumstances of an extraordinary character have intervened.

ID.—MATTER FOR TRIAL COURT—REVIEW UPON APPEAL.—The determination of an application to be admitted to bail pending an appeal from a judgment of conviction of a felony should primarily be left to the judgment of the trial court wherein the conviction was had, and such court's determination of the matter should not be disturbed or ignored upon appeal, except in an instance of manifest abuse.

ID.—QUESTION OF HEALTH AND MENTAL CONDITION—CONFLICTING AFFIDAVITS—DISCRETION NOT ABUSED.—Where the application to the trial court for admission to bail pending the appeal from the judgment in this case was on the ground that "confinement in the county jail pending the hearing and determination of his said appeal would result in great danger to his health and his physical and mental condition," and it was fully heard before the trial court, upon conflicting affidavits of physicians, and denied, and in the petition for the writ of *habeas corpus* only the affidavits for the defendant are set forth, and appear insufficient to justify the writ, it is but fair to assume that the counter-affidavits before the court fully supported its ruling, and it cannot be said from the petition for the writ that the court abused its discretion in denying the application for bail.

APPLICATION for writ of *habeas corpus* to A. B. Langford, Sheriff of Santa Clara County.

The facts are stated in the opinion of the court.

Frank Freeman, and H. I. Stafford, for Petitioner.

U. S. Webb, Attorney General, A. M. Free, District Attorney, and James P. Sex, Deputy District Attorney, for Respondent.

THE COURT.—This is a petition by Frank L. Hatch, on behalf of Jackson Hatch, for a writ of *habeas corpus.*

Petitioner invokes the writ for the purpose of procuring an order admitting said Jackson Hatch to bail pending an appeal to this court from a judgment of conviction and a sentence of imprisonment for felony embezzlement made and entered in the superior court of the county of Santa Clara.

Admission to bail pending an appeal from a judgment of conviction and a sentence of imprisonment for a felony is not a matter of right. (Pen. Code, sec. 1272.) It is a matter resting in and controlled by a sound legal discretion, which should be exercised in favor of a convicted person only when circumstances of an extraordinary character have intervened. (*Ex parte Marks,* 49 Cal. 681; *Ex parte Smallman,* 54 Cal. 35; *Ex parte Brown,* 68 Cal. 177, [8 Pac. 829]; *Ex parte Smith,* 89 Cal. 79, [26 Pac. 638]; *Ex parte Turner,* 112 Cal. 627, [45 Pac. 571].) The determination of an application to be admitted to bail pending an appeal from a judgment of conviction should, primarily, be left to the judgment of the trial court wherein the conviction was had, and such court's determination of the matter "should not be disturbed or ignored except in an instance of manifest abuse." (*People* v. *Turner,* 112 Cal. 627, [45 Pac. 571].) In this case application for admission to bail pending appeal was made to the trial court by the defendant, upon the ground that "confinement in the county jail pending the hearing and determination of his said appeal would result in great danger to his health and his physical and mental condition." It appears from the petition presented here that a full hearing of this application was had before the trial court upon the affidavits of several physicians in support of and against the application. Attached to and made a part of the petition presented here are copies of the affidavits read and received in evidence in support of said application. These affidavits show about such a case as was made and presented in *Ex parte Turner, supra,* where the petition for a writ of *habeas corpus,* based upon a refusal to admit to bail pending appeal, was denied.

In addition to these affidavits petitioner has attached to, and made a part of, his petition here the reporter's transcript of the proceedings had in the lower court upon the application there made for admission to bail. It affirmatively appears from this transcript that, upon the hearing of that application, the affidavits of several physicians in opposition to the application were offered and received in evidence. The contents of these affidavits are not set forth in the transcript nor made a part of the petition presented here. It is but fair to assume, however, that they fully supported the conclusion of the trial court, and therefore we cannot say, from the petition presented here, that the court abused its discretion in denying the application.

The petition is denied.