[Crim. No. 330. Third Appellate District.—October 26, 1915.]

## THE PEOPLE, Respondent, v. JOSEPH D. CORNELL, Appellant.

CRIMINAL LAW—FORGERY—BAIL PENDING APPEAL—PROCEDURE.—An application for admission to bail pending an appeal from a judgment of conviction of a felony may be made by way of motion, as well as by writ of *habeas corpus*, as section 1490 of the Penal Code providing for the issuance of a writ of *habeas corpus* for the purpose of giving bail, does not, in terms, purport to be an exclusive remedy.

ID.—DISCRETION OF TRIAL COURT—APPEAL.—An appellate court should not interfere with the determination of a trial court upon an application for bail pending appeal except in cases of manifest abuse of discretion.

ID.—DENIAL OF APPLICATION—ILL-HEALTH OF DEFENDANT—DISCRETION NOT ABUSED.—It is not an abuse of discretion to deny an application for admission to bail pending an appeal from a judgment of conviction of forgery made on the ground of imprisonment being an imminent danger and injury to the health of the defendant, where the evidence at most shows only a reasonable fear rather than an imminent danger.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for admission to bail pending an appeal from the Superior Court of Sacramento County and from a judgment of conviction of forgery. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

Theodore A. Bell, A. L. Hart, and R. L. Shinn, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J., *pro tem.*—This matter is before the court upon the defendant's application for bail pending appeal, on the ground of imprisonment being an imminent danger and injury to his health.

The record shows that the petitioner was convicted in the superior court of the county of Sacramento on the sixteenth

day of September, 1915, of the crime of forgery, and there-
after sentenced to a term of imprisonment in San Quentin
for a period of eight years, from which judgment of convic-
tion the defendant has appealed to this court, which appeal
is now pending; that since the sixteenth day of September,
1915, the defendant has been confined in the county jail at
Sacramento; that on the sixteenth day of October, 1915, the
defendant made application to the trial court in which he
was convicted to be admitted to bail pending the determin-
ation of his appeal to this court; that said application was
denied, and the defendant now makes this application upon
substantially the same testimony submitted to the trial court.

To the consideration of this application counsel for the
state object on the ground that the court has no jurisdiction
to consider the matter from the fact that the proceeding is
by way of motion and application, and not upon a writ of
*habeas corpus* issued for the purpose of fixing bail. This
objection, however, does not appear to the court tenable.
Section 1490 of the Penal Code, relied upon by the state, pro-
viding for the issuance of a writ of *habeas corpus* for the
purpose of giving bail, does not, in terms, purport to be an
exclusive remedy, and an examination of the different sec-
tions contained in chapter I of title XII of the Penal Code,
relating to writs of *habeas corpus,* fails to disclose any pro-
vision supporting the state's position upon this question.

In *People* v. *January,* 70 Cal. 34, [11 Pac. 326], and *Ex
parte Turner,* 112 Cal. 629, [45 Pac. 571], the proceeding
appears to have been identical with the case at bar. In other
states having somewhat similar code provisions, a proceeding
to admit to bail may be either an application for bail by
motion or by writ of *habeas corpus* (5 Cyc. 86).

While not an exclusive remedy, we are satisfied that an
application by way of motion to the court in which a defend-
ant's appeal is pending is a proper procedure and one of
which the court has jurisdiction. This being an application
to an appellate court for admission to bail after denial of a
like petition in the trial court, it seems proper to ascertain
and declare the rule which should be followed in such cases.

By section 1272 of the Penal Code admission to bail pend-
ing appeal is a matter of discretion, and by section 1291 of
the same code the power to admit to bail is lodged in any
magistrate having the power to issue a writ of *habeas corpus.*

This wide distribution of power necessitates the adoption and adherence to some consistent rule governing such proceedings, otherwise constant confusion would ensue.

In the case of *People* v. *January,* 70 Cal. 34, [11 Pac. 326], the court, speaking through Justice McKinstry, says: "This is an application to this court that the defendant be admitted to bail pending appeal. It does not appear that any like application has been made to the superior court or a judge thereof. The power to admit a prisoner to bail pending an appeal taken by him from a judgment of conviction of felony ought not to be exercised by the supreme court in the first instance, nor until after the determination upon its merits of an application for bail before the judge who tried the cause. (*People* v. *Perdue,* 48 Cal. 552.)"

In *Ex parte Turner,* 112 Cal. 627, 629, [45 Pac. 571], the application was made to the supreme court after denial of a similar application by the judge of the trial court, and the rule governing these proceedings was there declared as follows: "Admission to bail after conviction is purely a matter of discretion and not of right, and it has been several times held by the supreme court of this state that such discretion should not be exercised in favor of the liberation of a defendant pending appeal, except in instances where circumstances of an extraordinary character have intervened since conviction, which makes it obviously proper." Citing a number of cases, and then adding: "The discretion in cases of this kind is vested primarily in the court that tried the case, or the judge thereof (*People* v. *Perdue,* 48 Cal. 552, *People* v. *January,* 70 Cal. 34, [11 Pac. 326]), and the determination of the latter should not be disturbed or ignored except in an instance of manifest abuse."

*Ex parte Hatch,* 15 Cal. App. 186, [114 Pac. 410], approves the rule herein stated.

The case of *Ex parte Smith,* 89 Cal. 79, [26 Pac. 638], has been cited as a limitation of this rule, but a careful reading of that case fails to justify such conclusion. The court, speaking through Justice Garoutte, did say: "This court passes upon the merits of the petition as presented to it, and regardless of any action or rule the trial court may have adopted," but this criticism is directed to the rule adopted by the trial court that bail would not be allowed to any one pending appeal from a conviction of felony. Such a rule on

its face may very well be said to be an apparent abuse of discretion.

The opinion of the court in the Ward Case, 127 Cal. 489, [47 L. R. A. 466, 59 Pac. 894], is silent upon this question, and, therefore, is not an authority upon when an appellate court should or should not interfere with the determination of the court below, though it does lay down a very careful rule as to when the discretion to admit to bail should be exercised.

Adopting the rule which we believe to be wise and salutary, that an appellate court should not interfere with the determination of a trial court upon an application for bail pending appeal except in cases of manifest abuse, the question remains, Has the trial court in this case abused its discretion?

The testimony of Dr. Cox, presented by way of affidavit, is chiefly relied upon by applicant and may be set forth as a fair statement of the defendant's condition. It is substantially as follows: "Defendant gave me a history of having had a cough for the past three or four weeks, or more; he has lost some twenty-five pounds in weight, his hands are cold and clammy, with blueness of the nails; general circulation at a very low ebb, and temperature sub-normal. Examination of the lungs of defendant showed dullness in the right upper lobe, with a roughness of breath sounds over this area. While said defendant does not show any active tubercular lesion, he would be considered by the medical profession, generally, as being a border-line case, namely: If there is not now a tubercular lesion in his lungs, it is a very fertile field for tubercular invasion. I believe he should be put to rest in bed with proper nursing, good food, plenty of fresh air and sunlight, with proper tonic medication, so that his physical welfare may be guarded." Dr. Stephenson, another physician, testifies substantially as Dr. Cox, but adds that "an examination of the sputum revealed no tubercular bacilli; that the lesion of the right lung had been kindly arrested by nature"; also refers to occasional night sweats and loss of appetite. "That the defendant's physical condition in his chest shows some improvement, but no improvement in other respects." Dr. Stephenson also adds that he believes Mr. Cornell's physical condition will be seriously, if not permanently, damaged by confinement under present conditions. Other physicians testify to substantially the same effect, but

28 Cal. App.—42

also added, in substance, that they did not believe that the defendant was in imminent danger notwithstanding that his physical condition would be improved if he were given better attention and plenty of sunshine. There is nothing in the testimony showing that the county jail at Sacramento is either unsanitary or poorly kept, the chief objection being want of sunshine.

The defendant is not a man of robust health; he does not appear to have been very strong at the time of his arrest, or at the time of his arraignment in June, 1915, but the record shows that he was under the constant supervision of the trial court for a considerable period of time. The defendant pleaded to the indictment in this case on the twenty-first day of June, 1915, his trial began September 13th and judgment was pronounced on September 20th. Almost a month later, on October 16th, the trial court passed upon his application for admission to bail pending appeal. During that period of time the trial court had an opportunity to determine whether confinement was or was not proving injurious to the defendant—an opportunity which from the very nature of the case cannot be afforded any other court. With this opportunity, and the testimony before it, the trial court appears to have followed the rule laid down in the case of Turner, that "the evidence does not show that there is such imminence of dangerous results to the life or health of the defendant as to obviously require his removal from the county jail at the present time." The trial court is also in a position to follow the remainder of the opinion in that case, to wit: "Should more serious consequences of the defendant's confinement thereafter manifest themselves, and such as to render it proper that bail should be allowed, there is nothing to preclude another application for that purpose."

In the Ward case the supreme court had before it a condition which does not seem to be present here. There one reputable physician testified that in his opinion confinement in the jail under the conditions there existing, if continued two or three months, would result fatally. Another physician also testified that "the balance of chances is that if said Ward shall continue to be confined for a period of three months or more in said county jail, a fatal result will ensue."

No such extraordinary circumstances appear from the testimony in this case. The most that can be said from the

testimony is that there is reasonable fear, not imminent danger.

In *Ex parte Watson,* 1 Okl. Cr. 595, [99 Pac. 161], a case strongly relied upon by the petitioner, bail before conviction was granted "for the sole reason that the defendant was suffering from pneumonia and other ailments, and that this continued confinement in said jail would greatly endanger his health and probably result in his death."

In 3 R. C. L., section 18, the rule is thus stated: "Slight sickness is not sufficient, since there are few persons who will not be injuriously affected by imprisonment. There must be strong grounds for apprehending a fatal result or permanent impairment of health."

In the Turner case the evidence showed that "the prisoner was not, at the date of his being taken into custody, a man of robust health; that during his confinement his health had further declined, that he had lost flesh and strength to some extent, and that in the judgment of his physician there was danger arising from his present condition that his health might be permanently and dangerously affected by further confinement at the present time," which is somewhat stronger than the case at bar, yet the supreme court in that case held that a proper showing for admission to bail had not been made.

As a further reason why bail should be granted herein the fact that a certificate of probable cause has been issued was urged upon the court, and that numerous errors were committed upon the trial. In these particulars we deem it sufficient answer to say that the issuance of a certificate of probable cause has become so common that this court would not be warranted in considering it either an evidence of illegal conviction or of the existence of reversible errors, and that such grounds constitute no reason for admission to bail pending appeal, and that the record in this cause has not been examined to ascertain whether reversible errors are shown.

Being of the opinion that the trial court has not abused the exercise of its discretion herein, and that nothing of an extraordinary character has since intervened warranting the issuance of bail, the defendant's application is hereby denied.

Chipman, P. J., and Burnett, J., concurred.