THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* BARRÍOS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Voluntary Homicide.

PETITION by Appellant for Admission to Bail Pending Appeal.

No. 896.—Decided November 5, 1915.

APPEAL—STAY OF EXECUTION—CAPITAL CASES—IMPRISONMENT.—When section 4 of the Act to amend certain sections of the Code of Criminal Procedure, approved March 12, 1903, superseded section 353 of the said code, the former distinction between capital cases and cases of imprisonment ceased to exist in regard to stay of execution in cases appealed to the Supreme Court.

ID.—STAY OF EXECUTION—IMPRISONMENT.—A defendant who has been sentenced to imprisonment in the penitentiary and appeals cannot be subjected to the rules applied to those who are serving sentences in the penitentiary, and if he remain deprived of his liberty it should be under the same conditions as before his conviction.

ID.—BAIL—DISCRETION OF COURT.—Since the enactment of the Code of Criminal Procedure, a convicted defendant who appeals may be admitted to bail as a matter of right when the appeal is from a judgment imposing a fine only, and in the discretion of the court in all other cases.

ID.—BAIL—DISCRETION OF COURT.—Although an application for admission to bail pending an appeal may be made to the trial court or to the Supreme Court, good practice requires that it be made first to the trial court which naturally is in a better position than any other to exercise its discretion in weighing the circumstances of each case.

ID.—BAIL—DISCRETION OF COURT.—The fact that there may be good grounds for the appeal is not of itself sufficient to compel the court to exercise its discretion in favor of the appellant's petition to be admitted to bail.

ID.—BAIL—DISCRETION OF COURT.—When in a petition for admission to bail the appellant fails to show that the district court abused its discretion in refusing to admit him to bail, his petition should be denied.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This case comes up on the ruling on a petition of the appellant for admission to bail pending the hearing and decision of the appeal taken by him.

Said appellant was charged with the crime of murder in the second degree and upon conviction of the crime of

voluntary homicide, which is necessarily included in that of murder in the second degree, was sentenced to seven years in the penitentiary at hard labor. He appealed from the judgment and after the transcript of the record had been filed in the office of the secretary of this court he petitioned this court for temporary liberty on bail. After hearing the *fiscal* and considering section 374 of the Code of Criminal Procedure and the case of *The People* v. *Perdue,* 43 Cal. 552, the court denied the petition without prejudice to the right of the appellant to present a similar petition to the trial judge. He did so and the trial judge also denied the petition.

The appellant now comes again before this court and insists that it order his temporary release on bail, alleging as reasons therefor the denial of his petition by the trial judge and the fact that the transcript of the record shows that the defense pleaded in the appeal is not without foundation.

With the exception of the change introduced by section 4 of the Act to amend certain sections of the Code of Criminal Procedure of March 12, 1903 (Acts of 1903, p. 43), the statutes in force in Porto Rico on this point are the same as those of the States of California and Utah, which have been construed by the decisions hereinafter cited.

Said section 4 superseded section 353 of the Code of Criminal Procedure which had been in force in Porto Rico since 1902. According to said section 353, ''An appeal to the Supreme Court from a judgment of conviction, stays the execution of the judgment in all capital cases, and in all other cases upon filing with the clerk of the court in which the conviction was had, a certificate of the judge of such court, or of a judge of the Supreme Court, that, in his opinion, there is a probable cause for the appeal, but not otherwise.'' And according to section 4 of the Act of 1903, *supra,* ''An appeal to the Supreme Court from a judgment of conviction, stays the execution of the judgment.''

Therefore, the former distinction between capital cases and cases of imprisonment no longer exists in Porto Rico in

regard to the stay of the execution of judgments in cases appealed to the Supreme Court.

But this amendment does not affect the principles regulating the admission to bail of the convicted person pending appeal.

In accordance with the law in force, a defendant who has been sentenced to imprisonment in the penitentiary, for example, and appeals cannot be subjected to the rules applied to those who are serving their sentences in the penitentiary and if he remain deprived of his liberty, it should be under the same conditions as before his conviction. But in order to obtain temporary liberty he is subject now, as formerly, to the rules which have been in force since the enactment of the Code of Criminal Procedure.

The said rules provide that after conviction a defendant may be admitted to bail, as a matter of right, when the appeal is from a judgment imposing a fine only, and as a matter of discretion in all other cases. Section 374 of the Code of Criminal Procedure. In the present case the defendant was sentenced to imprisonment in the penitentiary for seven years and therefore his admission to bail is discretional.

In the case of *Clawson* v. *United States,* 113 U. S. 143, 148, the Supreme Court of the United States, in construing the statutes of the then Territory of Utah on this point, which are similar to those now in force in Porto Rico, said:

"These statutory provisions so clearly indicate the legislative intent that no room is left for interpretation. As the judgment did not impose upon the appellant a fine only, his admission to bail, pending the appeal from that judgment, was not a matter of right, but was distinctly committed, by the statute, to the discretion of the court or judge to whom the application for bail may be made."

The application may be made to the trial court or to the Supreme Court (section 388 of the Code of Criminal Procedure), but good practice requires that it be made first to the trial court, which naturally is in a better position than any other to exercise its discretion in weighing the attendant

circumstances in each case. This court so held in this same case on July 20, 1915, based on the decision of the Supreme Court of California in the case of *People* v. *Perdue,* 48 Cal. 552, which was afterwards ratified and followed by the said court in the cases of *People* v. *January,* 70 Cal. 34, and *Ex parte Turner,* 112 Cal. 627.

As we have said, the appellant applied to the trial court which denied his petition, and in his second petition to this court he only alleges this fact and pleads as a ground for the petition that the defense set up in his appeal is not devoid of foundation, as is shown by the record.

The fact that there may be a good ground for the appeal is not of itself sufficient to compel the court to exercise its discretion in favor of the appellant's petition to be admitted to bail. *Vide Clawson* v. *United States, supra.* This being so, it is impossible to reach any other conclusion than that the appellant has not shown that the district court abused its discretion in refusing to admit him to bail, which is the only ground on which this court would be justified in reversing the ruling of the trial court.

In *Ex parte Turner, supra,* it was alleged that an appeal had been taken; that the trial judge had issued a certificate of probable cause therefor, and, further, that the appellant was in such a state of ill health that his life was endangered by continuing in jail, and the Supreme Court of California expressed itself as follows:

"The discretion given in cases of this kind is vested primarily in the court that tried the cause, or the judge thereof (*People* v. *Perdue,* 48 Cal. 552; *People* v. *January,* 70 Cal. 34); and the determination of the latter should not be disturbed or ignored except in an instance of manifest abuse. Such an instance is not here disclosed. There is nothing in the case showing the intervention of any such extraordinary circumstance as would justify holding that the application was improperly denied by the judge of the trial court. The evidence does not show that there is such imminence of dangerous results to the life or health of the defendant as to obviously require his removal from the county jail at this time. Should more serious consequences

of his confinement hereafter manifest themselves, and such as to render it proper that bail be allowed, there is nothing to preclude another application for the purpose. Such application should, however, always be made in the first instance, if practicable, to the judge before whom the defendant was tried. (*Ex parte January, supra*)." *Ex parte Turner*, 112 Cal. 629.

The petition should be

*Denied.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.