[Crim. No. 785. Third Appellate District.—April 26, 1924.]

In the Matter of the Application of W. C. WILKINS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—ADMISSION TO BAIL—DISCRETION OF TRIAL COURT. The discretion mentioned in the statute relating to the admission to bail is vested primarily in the trial court and the determination of that court should not be disturbed or ignored except in instances of manifest abuse.

[2] ID.—ISSUING FICTITIOUS CHECK—SENTENCE TO STATE PRISON—RIGHT TO BAIL.—Section 476a of the Penal Code, by its very terms, authorizes the trial court in its discretion to adjudge the status of the defendant according to the enormity of the offense committed by the defendant and which, under the

---

1. Bail as matter of right or discretion, notes, 1 Ann. Cas. 12; 9 Ann. Cas. 619. See, also, 3 Cal. Jur. 1034; 3 R. C. L. 6.
2. See 12 Cal. Jur. 481.

statute, calls for the exercise of legal discretion of the trial court in order that suitable punishment may be meted out to offenders; and after such determination has been had and the character of the offense has been fixed in the manner provided by law, the rule governing admissions to bail in cases of other felonies is applicable to cases of felonies ascertained and determined under that section.

[3] ID.—CONVICTION—PRESUMPTION OF GUILT—DENIAL OF ADMISSION TO BAIL—HABEAS CORPUS.—After conviction of a violation of section 476a of the Penal Code, and pending appeal from the judgment, the defendant is presumed to be guilty; and in a proceeding in *habeas corpus* to secure the release on bail of a defendant convicted of a violation of that section and sentenced to the state prison, after denial by the trial court of his application for admission to bail, the appellate court can only inquire into jurisdictional defects, but not into errors which might render the judgment reversible on appeal.

(1) 6 **C. J.**, p. 968, sec. 187; p. 988, sec. 220.   (2) 6 **C. J.**, p. 968, sec. 187.   (3) 29 **C. J.**, p. 95, sec. 84 (1926 Anno.).

PROCEEDING in Habeas Corpus to secure the release of petitioner on bail after denial of his application by the trial court.   Application denied.

The facts are stated in the opinion of the court.

C. M. Fickert and H. Hugh Sydenham for Petitioner.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and Orrin J. Lowell, District Attorney, for Respondent.

PLUMMER, J.—This is a petition for a writ of *habeas corpus* for the purpose of admission to bail.   It appears from the petition in this matter that on or about the twenty-eighth day of February, 1924, W. C. Wilkins was convicted of the offense of having made and delivered a certain fictitious check with intent to defraud the county of Placer in the state of California.   The check in question was as follows:

3.   See 3 **Cal. Jur.** 1046.

"The Peoples Bank 90–32
"Commercial and Savings 12 No. —
"Sacramento, California, Aug. 30, 1922.
"Pay to the Order of M. Stone (J. P. Roseville) $50.00
"Fifty & 00/100 ............................Dollars
"W. C. Wilkins.

" (Endorsed on back)
"M. Stone JP."

After conviction, sentence was pronounced of imprisonment in the state prison, state of California, at San Quentin, for such period as might be provided by law. The conviction and sentence were had under the provisions of section 476a of the Penal Code, which section specifies that upon conviction, imprisonment may be imposed in the county jail for not more than one year or in the state prison for not more than fourteen years. Within due time after the imposition of sentence the petitioner took an appeal to this court, which is now pending, and thereupon applied to the trial court for admission to bail pending such appeal. This application was denied. The real question before this court upon this application is whether the order of the superior court denying admission to bail constitutes an abuse of discretion.

No question of illness of the petitioner is presented nor any matters of an extraordinary character occurring since the denial of the petitioner's application for bail in the trial court are presented to us upon this application. No attempt is made to bring this case within the provisions of the law set forth in the cases of *People* v. *Cornell,* 28 Cal. App. 654 [153 Pac. 726]; *Ex parte Turner,* 112 Cal. 627 [45 Pac. 571]; *People* v. *Perdue,* 48 Cal. 552; *People* v. *January,* 70 Cal. 34 [11 Pac. 326]; and a number of others which we need not enumerate, all holding that matters of an extraordinary nature must be shown before an appellate court will interfere with the determination of the trial court upon applications for bail after conviction. The law is well settled that: [1] "The discretion mentioned in the statute relating to the admission to bail is vested primarily in the trial court and the determination of that court should not be disturbed or ignored except in instances of manifest abuse." The petitioner in this case insists: First, that he is entitled to bail as a matter of right; secondly, that the denial of his

application for bail by the trial court was a manifest abuse of discretion, and, thirdly, that this court has the right and that it should review the evidence to ascertain whether the lower court has or has not abused its discretionary power in denying bail.

Section 1272 of the Penal Code, in relation to the admission to bail reads as follows:

"After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail:

"1. As a matter of right, when the appeal is from a judgment imposing a fine only.

"2. As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor.

"3. As a matter of discretion in all other cases."

[2] It is argued that, by reason of the fact that under the provisions of section 476a of the Penal Code, the trial court is vested with the discretion as to the place of punishment when pronouncing sentence, and that, if the place of punishment is fixed in the county jail, the offense thereafter is known to the law as a misdemeanor and bail may be insisted upon as a matter of right, it follows as a necessary conclusion that, if the trial court fixes the place of imprisonment as the state penitentiary, and the offense thereafter in law is known as a felony, the same rule as to admission to bail after conviction applies, and that bail is still a matter of right and not a matter of discretion. To support this contention the appellant relies upon the case of *Ex parte Hoge*, 48 Cal. 3, wherein it is apparently held by Chief Justice Wallace, speaking for himself alone and not for the court, that in cases where a defendant has been convicted of the offense for which the court may thereafter, in its discretion, impose upon him a sentence for a felony or for a misdemeanor, he is entitled to bail pending appeal as a matter of right. This conclusion is based upon the reasoning that the offense of which the defendant has been found guilty is the same in either case and that the rights of the defendant are not to be adjudged or lessened by the exercise of the trial court of the discretion vested in it in such instances. With this reasoning we cannot agree. If the rights of the defendant are the same both before and after the imposition of sentence, we do not very well see how the legislature could very well invest the trial court with the

discretion conferred by the statute in question. It is for the very purpose of determining the rights of the defendant in such instances according to the character of the offense and all the attendant circumstances connected therewith that the discretion is vested in the trial court to take away from the defendant the privilege (if we may use that word) of being confined in a county jail and to sentence the defendant to a state prison. The statute, by its very terms, authorizes the trial court in its discretion to adjudge the status of the defendant according to the enormity of the offense committed by the defendant and which, under the statute, calls for the exercise of the legal discretion of the trial court in order that suitable punishment may be meted out to offenders.

After such determination has been had and the character of the offense has been fixed in the manner provided by law, we think that the rule governing admissions to bail in cases of other felonies is applicable to cases of felonies ascertained and determined under section 476a of the Penal Code.

[3] The petitioner next calls our attention to the case of *People* v. *Frey,* 165 Cal. 140 [131 Pac. 127], and insists that under the holding of this case, the petitioner will undoubtedly be granted a new trial upon his appeal, and, therefore, he is entitled to bail. In response to this point, counsel for the people call our attention to certain stipulations contained in the transcript which it is alleged obviates the holding in the case of *People* v. *Frey, supra.* A cursory inspection of the transcript shows that, in order to determine the merits of the contending parties, this court must pass upon the legal sufficiency of the testimony when the petitioner's appeal is presented for determination. Pending that time and until the appeal is determined, the law is well settled that anyone convicted of an offense is presumed to be guilty, and even where the question is only one of admission to bail, we do not think the rule is different and that we should weigh and consider the evidence to ascertain the legal sufficiency of the same to support the conviction. Upon the question of whether the testimony may be considered for the purpose of ascertaining whether the trial court has or has not abused its discretion in denying bail we content ourselves in this case with the statement that a

cursory examination of the testimony shows that it is by no means certain that the holding of the case of *People* v. *Frey, supra,* is determinative of the issues that may be presented for consideration upon the petitioner's appeal now pending in this court.

In the case of *Ex parte Smith,* 89 Cal. 79 [26 Pac. 638], an application for a writ of *habeas corpus* to be admitted to bail pending appeal contained, among other reasons assigned for admission to bail, the following: "That the trial court committed errors of law that appear from the face of the record, and that the evidence at the trial was insufficient to justify a conviction." The court refers to the case of *Ex parte Smallman,* 54 Cal. 35, as outlining the general character of facts necessary to exist upon which to base an exercise of discretion and admission to bail, and, also, of circumstances of an extraordinary character that must intervene to warrant the admission to bail of a person convicted of felony and then holds as follows: "The petition in this case shows no such circumstances. We cannot, in this proceeding, examine into the alleged errors of law committed by the lower court, and thus prejudge the case before it comes before us upon its merits." The application for bail was denied. If it be true, as contended by the petitioner, that the evidence in this case is not legally sufficient, as was contended in the Smith case, were we to examine into the testimony and determine such fact, we would simply be prejudging the defendant's appeal before the time prescribed by law, and, also, the method and manner when such questions may come before us and be properly adjudged. If this rule were adopted then every appellant, the legality of whose conviction might be seriously or otherwise argued in an appellate court, would be entitled to bail and the discretion lodged by the legislature in the trial court would become a nullity whether that discretion is abused or exercised with the greatest circumspection and precision.

As analogous to the questions presented upon this petition relative to a consideration of the evidence, we may well consider the cases having to do with writs of *habeas corpus* for discharge after conviction. In the case of *In re Graham et al.,* 74 Wis. 450 [17 Am. St. Rep. 174, 43 N. W. 148], the supreme court of Wisconsin having to do with this question decides the matter tersely as follows: "We deny

the writs, for the reason that the error in the judgments does not render them void, or the imprisonment under them illegal, in that sense which entitles them to be discharged on a writ of *habeas corpus*. The judgments are doubtless erroneous, and would be reversed on writ of error (citing a number of cases). But the judgments are not void. . . . The court had jurisdiction of the persons and subject matter or offense, but made a mistake in the judgment. For mere error, no matter how flagrant, the remedy is not by *habeas corpus*. The law is well settled in this court that on *habeas corpus* only jurisdictional defects are inquired into. The writ does not raise questions of errors in law or irregularities in the proceedings. . . . "

In *Ex parte Sternes*, 77 Cal. 146 [11 Am. St. Rep. 251, 19 Pac. 277], quoting from page 163, the supreme court of this state, upon application for a writ of *habeas corpus*, uses the following language: "When jurisdiction depends on a fact that is litigated in a suit, and is adjudged in favor of that party who avers jurisdiction, then the question of jurisdiction is judicially decided, and the judgment record is conclusive evidence of jurisdiction until set aside, or reversed by a direct proceeding."

In the recent case of *Ex parte Drew*, 188 Cal. 717 [207 Pac. 249], the supreme court of this state again held upon an application for a writ of *habeas corpus*, that: "The scope of inquiry upon a writ of review extends only to the question of the jurisdiction of the court which rendered the judgment sought to be reviewed."

Again, in the case of *In re Selowsky*, 189 Cal. 331 [208 Pac. 99], upon an application for discharge on a writ of *habeas corpus* it was decided that: "In a proceeding in *habeas corpus* to secure the release of petitioner from custody under a judgment of contempt, the only inquiry that can be made is with reference to the jurisdiction of the court which made the judgment of which the imprisonment is a part."

There is no question as to the jurisdiction of the court in the instant case. It is only the errors of law committed by the court and the sufficiency or insufficiency of the testimony to support the conviction which, of course, again goes to the correctness or incorrectness of the order of the trial court in granting or denying a new trial that are

urged in this application. These questions do not touch the subject of jurisdiction and were we to consider them now would be in effect to decide the defendant's appeal upon petition to be admitted to bail.

We do not find any reason for holding that the trial court abused its discretion in denying bail and it, therefore, follows that the petitioner's application to be admitted to bail by this court must be and the same is hereby denied.

Hart, J., and Finch, P. J., concurred.