[Crim. No. 1206. First Appellate District, Division One.—October 7, 1924.]

## THE PEOPLE, Respondent, v. J. J. EISEMAN et al., Appellants.

[1] CRIMINAL LAW—CONVICTION—ADMISSION TO BAIL—DISCRETION OF TRIAL JUDGE.—Admission to bail after conviction is a matter of discretion and not of right; and such discretion is vested primarily in the judge who tried the case, and his determination should not be disturbed or ignored except in an instance of manifest abuse.

---

1. See 3 R. C. L. 15; 3 Cal. Jur. 1033.

[2] ID.—CONVICTION UPON SEVERAL CHARGES—ABSENCE OF DUPLICA-
TION.—In this application for a reduction of bail pending appeal
upon the ground, among others, that the indictment charged but
one offense, to wit, conspiracy to violate the law, upon which the
minimum term of imprisonment is one year and the maximum
term is five years, that there had been reindictments of the de-
fendant for the same offense, and that such reindictments required
only nominal bail, no facts were presented to warrant the con-
clusion that there was any duplication of indictments in connection
with the eight separate charges of felony upon which defendant
was convicted and sentenced to serve consecutive terms in the
state prison.

[3] ID.—BAIL PENDING APPEAL—JUDICIAL DISCRETION.—Since bail
after conviction is purely a matter of judicial discretion, such
discretion should not be exercised in favor of the liberation of a de-
fendant pending appeal, except in instances where circumstances
of extraordinary character have intervened since conviction which
make it obviously proper.

[4] ID. — IMPAIRMENT OF DEFENDANT'S HEALTH — ABSENCE OF EX-
TRAORDINARY CIRCUMSTANCES.—In this application for a reduction
of bail on *habeas corpus* upon the ground, among others, of im-
pairment of defendant's health, there was nothing in the case show-
ing the intervention of any such extraordinary circumstances as
would justify the appellate court in holding that the application
of defendant for a reduction of bail was improperly denied by the
trial court.

[5] ID.—FEAR OF DANGER TO HEALTH—ABSENCE OF IMMINENT DAN-
GER—INFERENCES.—In a proceeding for a reduction of bail upon
the ground of impairment of health, where the reasonable in-
ference from the showing made is that there is only a fear that
further confinement of the prisoner pending appeal will endanger
his health or life, and not that there is imminent danger from
further confinement, bail should be denied.

[6] ID.—INTENT OF DEFENDANT TO BECOME FUGITIVE—SURRENDER BY
BONDSMEN—INCREASE OF BAIL—DISCRETION.—In view of the state-
ments of the wife of defendant who called upon the trial judge
in his chambers to the effect that defendant intended to become a
fugitive from justice, that she was informed by her husband that
if the appeal should be decided against him he intended to leave
the country, and that he was at the time making arrangements to
go to Russia, coupled with the activities of certain persons in
attempting to secure a reduction of bail which aroused the judge's
suspicions, and the fact that defendant was surrendered by his

3.  See 3 Cal. Jur. 1034.
4.  See 3 R. C. L. 19; 3 Cal. Jur. 1037.

bondsmen, the appellate court could not say that there was an abuse of discretion on the part of the trial judge in increasing defendant's bail.

[7] ID.—APPEAL—QUESTIONS TO BE DETERMINED.—Where defendant has been convicted of a felony and sentenced to imprisonment in the state prison, the claim that very serious federal and other questions are involved in the appeal from the judgment should be considered properly when the appellate court disposes of the appeal upon the merits, and not upon an application for reduction of bail pending appeal.

---

(1) 6 C. J., pp. 965, 966, sec. 185, p. 988, sec. 220. (2) 6 C. J., p. 989, sec. 222 (Anno.). (3) 6 C. J., pp. 965, 966, sec. 185. (4) 6 C. J., p. 990, sec. 223. (5) 6 C. J., p. 990, sec. 223. (6) 6 C. J., p. 991, sec. 224. (7) 6 C. J., p. 991, sec. 224.

APPLICATION for reduction of bail on *habeas corpus* pending appeal from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Application denied.

The facts are stated in the opinion of the court.

Joseph A. Brown, R. P. Henshall and Robert R. Moody for Appellants.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy Attorney-General, Matthew A. Brady, District Attorney, and Robert E. Fitzgerald, Assistant District Attorney, for Respondent.

ST. SURE, J.—Application of defendant and appellant J. J. Eiseman for reduction of bail on *habeas corpus*.

Defendant Eiseman and three others were tried and convicted by jury of the crime of felony upon an indictment charging a conspiracy to violate the provisions of the Corporate Securities Act (Stats. 1917, p. 673); in the same indictment the defendants were also accused in seven counts of the crime of felony for actual completed violations of the act, and defendant Eiseman was also convicted upon each of these counts. Judgment was pronounced against defendant Eiseman and he was sentenced to imprisonment in the state prison at San Quentin upon his conviction on

each count, sentences to run consecutively. The act provides that punishment for violation of its provisions shall be by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding two years, or by a fine not exceeding five thousand dollars, or by both such fine and imprisonment. Defendant Eiseman made immediate application to the trial court for bail pending appeal. Bail was fixed in the sum of forty' thousand dollars and the defendant was soon released upon bail. Later defendant was surrendered by his bail in their exoneration. He was delivered to the sheriff and incarcerated. On September 13, 1924, application was made to Honorable Louis H. Ward, presiding in the department of the superior court where conviction was had, for a reduction of bail, theretofore fixed in the sum of forty thousand dollars, whereupon bail was increased to fifty thousand dollars.

Defendant bases his motion for reduction upon several grounds, briefly stated, that the bail is excessive, that defendant's physical and mental condition will be endangered and impaired by incarceration pending appeal, that there was abuse of discretion in increasing bail, and that the record shows that very serious federal and other questions are involved in the appeal.

[1] Admission to bail after conviction is a matter of discretion and not of right. (Pen. Code, sec. 1272.) The discretion is vested primarily in the judge who tried the case, and his determination should not be disturbed or ignored except in an instance of manifest abuse. (*Ex parte Turner*, 112 Cal. 627, 629 [45 Pac. 571]; *Ex parte Hatch*, 15 Cal. App. 186, 187 [114 Pac. 410]; *People* v. *Cornell*, 28 Cal. App. 654 [153 Pac. 726].) [2] The contention that the bail is excessive is based upon the claim that the indictment, in effect, charges but one offense, to wit, conspiracy to violate the law, upon which the minimum term of imprisonment is one year and the maximum term is five years; that there have been reindictments of the defendant for the same offense, and that under the decision in *Ex parte Ruef*, 7 Cal. App. 750 [96 Pac. 24], such reindictments require only nominal bail. Defendant Eiseman was convicted upon eight separate charges of felony and was

sentenced upon each charge to serve consecutive terms in the state prison. He applied for reduction of bail pending appeal to the judge who presided at the trial, and such application was denied. In the Ruef case the application was made before trial. There were pending 116 indictments against Ruef, in each of which he was charged with bribing a member of the board of supervisors. Bail was fixed by the superior court at the sum of ten thousand dollars upon each charge, save as to nine indictments upon which bail was fixed at five thousand dollars on each charge. The aggregated bail exceeded one million dollars. Ruef claimed that thirty-seven of the indictments were duplicates of offenses charged in other indictments, and this was not denied by the district attorney when his attention was specially called to it at the hearing. While this court held that as to the thirty-seven so-called reindictments the bail fixed was *per se* excessive, it refused to disturb the order made fixing the bail on seventy-nine other indictments aggregating a very large sum. There was no denial in the Ruef case that some of the indictments had been duplicated, and it was therefore manifest that the bail demanded as to those was *per se* excessive. Here no facts are presented which would warrant a similar conclusion. In *Ex parte Duncan,* 53 Cal. 410, 54 Cal. 75, bail aggregated one hundred and twelve thousand dollars upon ten indictments, and reduction was refused, even after two trials without a conviction. The Duncan case is cited with approval in the Ruef case.

Upon the question of the impairment of defendant's health it is urged that the application should be granted upon affidavits submitted because no counter-showing was made in the court below. Judge Ward presents his affidavit for consideration on this hearing, from which it appears that several applications for reduction of bail were made to him, all of which he refused. The judge deposes that during the month of August one of the attorneys associated with Joseph A. Brown, attorney for defendant Eiseman, notified him that said Eiseman was seriously ill, physically and mentally, and requested that a physician be appointed to examine defendant. Immediately after the interview with Mr. Brown's associate the judge says he

"investigated conditions by interviewing several of the officers in charge of the county jail, including the under sheriff, and was informed," as he already knew, "that there was a hospital connected with said county jail, and was further informed that the said Eiseman had not suffered either mental or physical distress any more than the ordinary 'prisoner of the intelligence of the said Eiseman, and that, in their opinion, no order was necessary in view of the fact that no request had ever been made by or on behalf of the said Eiseman for medical attendance of any kind." Dr. Joseph Catton, in an affidavit, says that as a result of an examination of the defendant he has formed the opinion that the defendant is suffering from psychoneurosis with hypochondriacal and neurasthenic symptoms and that his condition is such that he should be removed to a hospital where he might receive special medical attention. Dr. Catton gave similar testimony at the hearing before Judge Ward on September 13th. Of this the judge says: "A practicing physician and surgeon was introduced as a witness, and after an exhaustive examination by the attorney for appellant Eiseman, the court determined that there was no reason, based upon the said Eiseman's mental or physical or any condition, that would warrant a reduction of bail." [3] Since bail after conviction is purely a matter of judicial discretion, such discretion should not be exercised in favor of the liberation of a defendant pending appeal, except in instances where circumstances of an extraordinary character have intervened since conviction which make it obviously proper. [4] There is nothing in this case showing the intervention of any such extraordinary circumstances as would justify holding that the application was improperly denied by the judge of the trial court. (*Ex parte Turner*, 112 Cal. 627, 629 [45 Pac. 571].) [5] Where the reasonable inference from the showing made is that there is only a fear that further confinement of the prisoner pending appeal will endanger his health or life, and not that there is imminent danger from further confinement, bail should be denied. (*People* v. *Cornell*, 28 Cal. App. 654 [153 Pac. 726].)

[6] At the hearing on the application of September 13, 1924, the trial judge stated in substance that the activities

of certain persons in attempting to secure a reduction of bail made him suspicious, and that for that reason he believed the bail should be increased, and he thereupon fixed the bail at fifty thousand dollars. This act on the part of the trial judge is assigned as an abuse of discretion. In his affidavit Judge Ward says that on or about the 16th of July, 1924, the wife of defendant Eiseman called upon him at court chambers and informed him that defendant Eiseman intended to become a fugitive from justice; that she had been informed by her husband that if the appeal in this case should be decided against him he intended to leave the country, and that he was at that time making arrangements to go to Russia. Judge Ward advised Mrs. Eiseman to see her husband's bondsmen and relate the facts to them. Soon after Eiseman was surrendered by his bondsmen. Judge Ward further says in his affidavit that he is convinced that reduction in bail is sought "for the sole purpose of giving the said Eiseman his freedom that he might have the opportunity to become a fugitive from justice." Under such showing we cannot say that there was an abuse of discretion on the part of the trial judge in increasing the bail.

[7] It is claimed that "very serious federal and other questions are involved in this appeal," and must be given consideration by this court in fixing bail. Defendant Eiseman has been convicted by verdict of a felony, judgment pronounced against him, and he has been sentenced to imprisonment in the state prison. It is settled law in this state that this court should not admit to bail after a verdict of guilty and pending appeal except when circumstances of an extraordinary character have intervened since conviction (*Ex parte Brown*, 68 Cal. 176 [8 Pac. 829]), and, as we have already indicated, no such circumstances are made to appear here. If it is true, as suggested, that "very serious federal and other questions are involved in this appeal," we think that such questions should be considered properly when we dispose of the appeal upon the merits; not upon an application depending upon the discretion of the court.

The application is denied.

Knight, J., and Tyler, P. J., concurred.