[Crim. No. 1922.  Second Appellate District, Division One.—March 8, 1930.]

THE PEOPLE, Respondent, v. ALEXANDER PANTAGES, Appellant.

Le Compte Davis, Jerry Giesler, W. I. Gilbert and Earle M. Daniels for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and R. P. Stewart, Deputy District Attorney, for Respondent.

CONREY, P. J.—In the Superior Court of Los Angeles County appellant was convicted of a felony and sentenced to imprisonment in the state prison. His appeal from the judgment is now pending in this court.

. Appellant has now filed an application for admission to bail herein. He states, among other things, that since the date of his conviction circumstances of an extraordinary character have occurred, in that his confinement and detention in the county jail has caused recurrence in an active form of a heart disease with which he had been theretofore afflicted; and that at the time of filing his application (February 3, 1930) and for several weeks there has been such imminence of fatal results to the life and health of appellant as to require his removal from the county jail; that in the latter part of December, 1929, and again in the latter part of January, 1930, appellant applied to the Superior Court for admission to bail and that both of said applications were denied; that the denial of said applications in the Superior Court, under the circumstances fully set out in the affidavits, testimony and proceedings before that court, was an abuse of the discretion lodged in said court; that appellant is in imminent danger of losing his life as a result of such confinement, and that a situation exists authorizing this court in the exercise of its original appellate jurisdiction to order the release of appellant upon bail pending appeal. The motion is based upon a certified copy of the proceedings before the Superior Court upon said two applications made to that court. The motion has been presented after notice duly given, and the record of the proceedings on said mo-

tions before the Superior Court constitutes the evidence presented here.

The attorney-general and the district attorney of Los Angeles County appear for the People and resist the motion. They first object to the jurisdiction of this court to entertain such motion; although it is admitted that the same subject could be presented and determined in this court by writ of *habeas corpus*. We are inclined to the view that this objection is not well taken. (*People* v. *Cornell*, 28 Cal. App. 654 [153 Pac. 720].)

Coming to the merits of the application, we find that the rule concerning admission to bail after conviction, and particularly where the application is based upon considerations of health of the defendant, has been announced several times by the Supreme Court and the Courts of Appeal in this state. Before it can be said that the discretion of the court should be exercised in favor of the liberation of the defendant, pending appeal, and where the application is based upon claims of serious impairment of health of the defendant, by reason of his confinement in jail, it must be made to appear that there is such imminence of dangerous results to the life or health of the defendant as to obviously require his release from the custody of the sheriff. (*Ex parte Turner*, 112 Cal. 627 [45 Pac. 571]; *People* v. *Cornell*, *supra*; *In re Albori*, 95 Cal. App. 42 [272 Pac. 321, 328]; *People* v. *Keyes*, 100 Cal. App. 352 [279 Pac. 833].)

The record before us contains the evidence of seventeen physicians who have observed the defendant and expressed opinions concerning his physical condition and the particular diseases with which it is said the defendant is afflicted. According to the testimony of some of these witnesses the defendant is suffering from certain forms of heart disease, hardening of the arteries, and other physical ailments of such serious nature that there is great danger to the defendant by reason of his detention in jail; for example, one of them states that it is his opinion that the patient cannot be properly treated for his heart condition in the county jail and that if this confinement continues a fatal result may ensue. On the other hand, some of these witnesses do not attach any such serious probable consequences to the continued confinement of the defendant in jail. For example, one of them says: "I believe the mental state

is the governing thing there and if this man could be reassured as to the danger of impending death during these heart disturbances I cannot see why the confinement would then be so serious a matter. The worry over his misfortunes would exist in or out of confinement and could not be removed by anyone." He believes that rest and a better diet than is possible under jail conditions would be of advantage to the defendant. Another physician states: "Considered from a physical standpoint alone no disability was found to exist which would imminently be likely to cause death or serious impairment of health leading to death because of confinement." Another witness stated that he did not believe that further incarceration would impair the defendant's health in any way. Another witness states: "Upon my examination and the information given me by others I believe that further incarceration is not necessarily of immediate and permanent injury to Mr. Pantages. I personally feel that the care of these conditions given in one place is very much the same as good and perfect care given in another place. The condition has not been acute in coming on, and no one can say it will be acute in its termination. One might guess, but that is only a guess."

After much consideration of the facts presented concerning the physical condition of the defendant, and the several opinions of the physicians, as shown by their testimony, we have reached the conclusion that the defendant may be retained in custody without imminent danger to his health or life by reason of such confinement.

Referring to the contention of appellant that the denial by the Superior Court of his applications for bail was an abuse of the discretion lodged in the trial court, it has been held many times that the determination of the trial court, in relation to applications of this character, should not be disturbed or ignored except in an instance of manifest abuse. (*People* v. *Cornell, supra.*) We have, however, based our conclusions upon the entire record, without regard to the fact that the applications made by defendant to the trial court were denied.

The motion of appellant for admission to bail pending appeal is denied.

Houser, J., and York, J., concurred.