[Crim. No. 846. Fourth Dist. Mar. 6, 1952.]

In re SAMUEL FISHMAN, on Habeas Corpus.

Thomas Whelan and John W. Preston for Petitioner.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, James Don Keller, District Attorney (San Diego), and Clifford L. Duke, Deputy District Attorney, for Respondents.

GRIFFIN, J.—Petitioner recited in his application that he was on bail pending the trial of the action against him, and after his conviction by a jury of a felony, he was committed to the county jail; that pending his motion for a new trial he applied to the trial court for bail pending his contemplated appeal and that this request was denied.

This application for a writ of habeas corpus is predicated upon a statement of petitioner of his immediate need of insulin treatment, proper diet, and radium treatments for a cancerous condition of the nasal passage, and that if such request is not granted, his health will be seriously affected; that these conditions require "immediate" consideration. An accompanying affidavit of a physician recites these facts.

Upon this showing, this court granted the petitioner bail pending the hearing of the application for the writ. Before the hearing thereon, petitioner's motion for new trial in the superior court was denied and he was sentenced and committed to the state's prison. ■ On the hearing of the application in this court, the applicant produced the affidavits of two physicians who attended the applicant before his incarceration in jail. Their statement of his physical condition is set forth in *In re Application of Samuel Fishman,* 4 Crim. No. 847, *post,* p. 634 [241 P.2d 603], this day decided. Counsel for petitioner reoffered the affidavit of the physician which accompanied the original petition for a writ of habeas corpus. The People then produced a new verified statement of this latter physician, wherein, for some unknown reason, he greatly qualifies his original affidavit and states that he did not then completely read his affidavit before signing it; that where he stated that petitioner should have "immediate radium treatment," that statement was not intended; that his examination did, in fact, show that the cancerous condition was not active but it was true that a proper treatment for the diabetic condition was indicated; that this last condition was based upon petitioner's statement to him; that he since has discovered that the medical care available in California prisons is adequate and that petitioner's health could be safeguarded under these conditions; that he would like to withdraw his former affidavit signed by him in this connection, because, on rereading it, he finds it is not his opinion, medically; that had he conferred with the other specialists who examined petitioner and who filed affidavits herein for the People, his opinion would have been the same as theirs respecting applicant's condition today. These other two specialists stated that they had made independent examination of the applicant; that their examination revealed some evidence of a previous treatment of a growth in the left nasal passage, which growth was, at that time, arrested; that there is no evidence of any recurrence of the condition, and that in their opinion petitioner could be confined in jail without danger or detriment under the circumstances related. The trial court did not unjustifiably deny the application nor did it abuse its discretion in so doing. (Rule 32A, Rules on Appeal; *People* v. *Pantages,* 104 Cal.App. 396 [286 P. 467].)

Application for writ of habeas corpus denied.

Barnard, P. J., and Mussell, J., concurred.