[No. 2,607.]

## EX PARTE T. W. VOLL.

Petition for Habeas Corpus.—One who applies upon habeas corpus to be admitted to bail, pending an appeal, after conviction for the crime of manslaughter, must state in his petition facts upon which the Court can exercise an intelligent discretion in determining the question; such as, that injustice has been done him during the trial, and that the appeal has been taken in good faith, and others of a like nature.

CONSTITUTIONAL LAW AS TO BAIL.—The Constitution of this State, in declaring bail to be a matter of right, contemplates only those cases in which the party has not been already convicted.

BAIL AFTER CONVICTION.—The statute which makes bail a matter of discretion after conviction for manslaughter is not unconstitutional.

The facts are stated in the opinion.

*G. W. Tyler*, for Petitioner.

Attorney General *Jo Hamilton*, for the People.

By the Court, WALLACE, J.:

Upon petition for writ of habeas corpus.

It appears by the petition filed in this case that the prisoner is now detained at the Penitentiary by the Warden, pursuant to the judgment of the District Court of the Fifteenth Judicial District, adjudging him to suffer certain imprisonment there as a punishment for the crime of manslaughter, of which he had been convicted in that Court. It is also averred in the petition that from that judgment the prisoner has taken an appeal to this Court, which is yet undetermined, and that he is pecuniarily able to give bail for his appearance if he should be permitted to do so.

The statute (Cr. Pr. Act, Sec. 509) provides that a person charged with such an offense as manslaughter may be admitted to bail *before* conviction, "as a matter of right," but (Sec. 512) *after* conviction "as a matter of discretion" merely.

If we are to consider this application as made to our discretion under the statute, the petition is insufficient, in that it sets forth no fact or circumstance whatever upon which it would be possible for us to exercise an intelligent discretion in determining the application. It is not averred, for instance, that any injustice has been done the prisoner in the course of the judicial proceedings had in the District Court; nor that any error of law intervened to his prejudice

on his trial; nor that it is hoped that the judgment of conviction appearing to have been rendered against him will, for any reason, be disturbed here. It is not even stated that the appeal appearing to have been taken was taken in good faith; or that it will be prosecuted to a final determination in this Court. For these and like reasons, not necessary to be stated in detail, the petitioner has not brought the case within the statutory requirements concerning applications for bail after conviction of the crime of manslaughter.

The argument, however, which was made in support of the petition denies the constitutionality of the statute in so far as it enacts that a conviction already had shall take away the right to bail, and leave it a question to be determined by the mere discretion of the Court, upon the facts appearing in the particular case. In support of this view the Constitution (Art. I, Sec. 7) is cited. Its language is as follows: "All persons shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumption great."

Upon this it is claimed that the Constitution first announces the general rule that "all persons shall be bailable by sufficient sureties;" it next declares the only admissible exception to the rule, i. e. "capital offenses;" and, lastly, narrows this exception to those capital offenses "in which the proof is evident, or the presumption great."

It is insisted that the language of the Constitution is sufficiently broad to embrace not only a case where no trial has been had, but equally a case in which a conviction of an offense, less than capital in degree, has occurred; that the Constitution does not regard the particular stage of proceedings which the prosecution may have reached, but only the grade of the offense involved as being less than the capital grade. It is said that at common law an application for bail was addressed solely to the discretion of the Judges,

"without certain rules to guide it, which has ever been regarded with jealousy by a people tenacious of liberty;" and that the purpose of the Constitution was to place the right to bail upon a more assured basis than mere discretion. It is true that at common law applications for bail in criminal cases were said to be addressed to the discretion of the Judges, to be exercised upon the circumstances appearing; the form of the entry upon which the prisoner was released on bail being "*de gratia curiæ speciali.*" We think, however, that the clause of the Constitution cited is only designed to alter this rule of the common law as to certain criminal cases before conviction; and that the matter of bail after conviction is still left discretionary, as it was at common law, with the modifications wrought by the statute of this State. We are of opinion that the Constitution, in declaring bail to be a matter of right, contemplated only those cases in which the guilt of the party had not been already judicially ascertained; cases in which the prisoner as yet stood upon his plea of not guilty, supported with all the presumptions of innocence with which the law delights to surround him. But when his trial has been had, and his plea proven false, the law will not stultify itself by presuming him other than that it has itself adjudged him to be. If the Constitution, indeed, intended to introduce the rule of absolute right to bail, as well after as before conviction of such felonies, it would result that no convict could be punished for his ascertained crime if he had either wealth or friends; for no mere pecuniary considerations could weigh against the alternative of a degrading imprisonment, at hard labor, for a crime involving moral turpitude. It would operate in practice as a mere money commutation for the infamous corporeal punishment which the law has denounced against the perpetration of crime.

The literal interpretation insisted upon—following, as it does, the mere words of the Constitution—would not only

entitle the prisoner to bail, pending his appeal taken, but would have done so had he not taken an appeal at all. In this view it was unnecessary for him to have stated, as he has done in his petition, that he had appealed from the judgment of conviction, because, upon the literal reading of the Constitution, upon which he insists, that is not a condition imposed upon his right to bail; it is one which is only to be found in the statute, which he seems, however, to have so far observed, even while coming here to assail its constitutionality. Indeed, upon the interpretation here insisted upon, the right to object would still belong to the prisoner, even if it had appeared in the petition that his appeal was no longer pending here, but that the judgment of the District Court had been affirmed in this Court, because it will be seen that the mere words of the Constitution have not, for this purpose, announced any distinction between cases in which judgments have been already affirmed and cases yet pending on appeal. In either case, or, indeed, in any other conceivable case in which an offense less in degree than capital should be involved, the absolute right to bail must, upon this theory, be accorded to every prisoner; at least, so long as the phrase "all persons" is sufficiently comprehensive to include him, he must continue to be "bailable by sufficient sureties." A construction leading to such consequences cannot be supposed to have been intended by the framers of the Constitution, and, in our opinion, ought not to be attributed by us to that instrument.

The application must be denied and the prisoner remanded, and it is so ordered.

Neither Mr. Justice Temple nor Mr. Justice Sprague expressed an opinion.