# REPORTS OF CASES

DETERMINED IN THE·

# SUPREME COURT,

48 3
81 167

## JANUARY TERM, 1874,

## Ex Parte HOGE.

BAIL. PENDING AN APPEAL.—A defendant who has been indicted and convicted of an offense for which the Court may, in its discretion, sentence him for a felony, or for a misdemeanor, is entitled to be admitted to bail, pending an appeal which is not frivolous, and is taken *bona fide*.

THE Municipal Criminal Court, in which the petitioner was convicted, is a Criminal Court in the City and County of San Francisco. The defendant was tried and convicted in November, 1871, and brought before Mr. Justice WALLACE in the same month, to be discharged on bail, pending an appeal to the Supreme Court.

[The case was not reported, and my attention having been called to it by the Chief Justice, I give it a place here.—REPORTER.]

By WALLACE, J.:

The petitioner, lately under indictment for an assault with a deadly weapon, alleged to have been made upon one Dwyer, with intent to murder him, was, upon trial in the Municipal Criminal Court, found guilty of an assault made with a deadly weapon, with intent to do a bodily injury. The punishment provided by statute for this last offense is a

fine or imprisonment, or both. Upon this conviction the Municipal Court adjudged him to suffer imprisonment in the State Prison for the term of eighteen months, and from this judgment he has appealed to the Supreme Court. Upon taking his appeal, he applied to the Judge of the Municipal Court to be admitted to bail pending the appeal, and his application was refused. It is understood that the learned Judge, in thus refusing the application, did not maintain that the prisoner might not lawfully be admitted to bail pending the appeal, but, holding that the prisoner had no absolute right to go at large upon bail after conviction, the Judge was further of opinion that it would be more appropriate that the mere discretion to admit him to bail, under the circumstances, should be exercised by the Supreme Court, to which the appeal had been taken, or by some one of its Justices. The counsel for the petitioner, in the argument upon the hearing before me, insisted that as the prisoner is not charged with a capital offense, he has an absolute constitutional right to be at large upon bail pending the appeal; and that upon the fact of his conviction for this offense, minor in its character, and upon the further fact of an appeal having been taken from the judgment, it is my bounden duty to admit him to bail, and that I have under these circumstances no discretion to refuse the application. In support of this proposition the counsel cited section seven, Article I, of the Constitution of this State, and which is in the following words: "All persons shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident or the presumption great."

The argument is, that it was the evident purpose of the framers of the Constitution to abrogate that somewhat unbounded discretion which the Judges are known to have exercised at common law in allowing or refusing bail, and which is said to have " ever been regarded with jealousy by a people tenacious of liberty." It is said that the liberty of the citizen was not intended to be left with no more reliable safeguard against its violation than the mere discretion of a Judge. That if the offense charged be capital in degree, then an inquiry must be directed to ascertain if the

proof upon which it rests is evident or the presumption great. That if it appears upon such inquiry that the proof is not evident nor the presumption great, the right to be admitted to bail is absolute, even in such a case. But that, however this may be in regard to capital offenses, the expression of the Constitution with reference to cases below the capital degree is clear and unqualified that "all persons shall be bailable by sufficient sureties." That the case of Hoge does not involve a capital offense, and, therefore, he is "bailable by sufficient sureties." That this was his status before his late trial, and that his subsequent conviction of a minor felony does not alter the degree of the offense with which he is charged, or constitute it one of a capital character; that the rule laid down by the Constitution upon the subject of bail refers only to the degree of the offense charged as being capital or less than capital, and was not intended to distinguish between cases pending for determination in the Supreme Court upon appeal, and like cases pending for determination in a Court of original criminal jurisdiction. I have sufficiently stated the argument to develop the point made, and to show how it is said to bear upon the case in hand. The constitutional question thus presented is obviously of surpassing importance, and will be found to have divided the views of some of the highest Courts of the country. As it is already pending for decision in the Supreme Court of this State (*Ex parte Voll*), and as, I think, the prisoner is entitled to bail upon other grounds, I need not express my views upon it here, nor particularly examine it further.

By statute concerning the writ of *habeas corpus* (Art. 2555), it is declared to be my duty to dispose of the prisoner "as the justice of the case may require;" and by another statute concerning admission to bail (Art. 1721), it is provided that in such a case as this in hand, bail may be allowed or refused "as a matter of discretion." This "discretion" to do "justice" is not, however, an arbitrary discretion to do abstract justice according to the popular meaning of that phrase, but is a discretion governed by legal rules to do justice according to law, or to the analogies of

the law, as near as may be. The case of the prisoner is almost within the very letter of the statute allowing bail upon appeal; for the offense of which he was convicted was one which might have been punished by the infliction of a fine merely. It was within the discretion of the Court to impose the fine or to adjudge the imprisonment. Either would have satisfied the statute which the prisoner had broken. Had the fine alone been imposed the positive rule of the statute would have permitted him to go upon bail pending an appeal. (Art. 1721.) Yet his offense is the same, whether he be fined or be imprisoned. In case the mere fine had been imposed, the statute itself set him at liberty on bail pending an appeal. Now that the imprisonment, however, has been adjudged, the statute leaves it to my discretion to admit him to bail or not, as justice may seem to require. If my discretion is to be interpreted by the rule of the statute in the other case, and I think it ought, I am unable to see why the prisoner prosecuting an appeal should absolutely go at large in the mean time in the one case, and absolutely go to the State Prison in the meantime in the other.

On the argument before me, attention was called to portions of the charge given to the jury on the trial of the prisoner, and also to the rulings of the Court in excluding certain evidence offered upon his behalf. It is not proper that I should intimate an opinion as to the ultimate determination of the points which it is the purpose of the appeal to present for the judgment of the Supreme Court. They are sufficient, in my judgment, to show that the appeal is *bona fide,* and that the case made is not to be characterized as frivolous or unsubstantial. I think that should I, under the circumstances, refuse to admit the prisoner to bail, it would be a misapplication of the discretion conferred by the statute. The right to appeal to the Supreme Court is guaranteed by the Constitution to the prisoner, and is as sacred as the right of trial by jury. It is one of the means the law has provided to determine the question of his guilt or innocence. Upon such an appeal, the ultimate question is nearly always as to the validity of the judgment under

which the prisoner is to suffer; and it is certainly not consonant to our ideas of justice, if it can be prevented by legal means, that even while the question of guilt or innocence is yet being agitated in the form of an appeal, the prisoner should be undergoing the very punishment and suffering the very infamy which it was the lawful purpose of the appeal to avert. It would be somewhat akin to a practice of punishing the accused for his alleged offense while the jury was yet deliberating upon the verdict.

· Under the circumstances of this case, I shall order that the prisoner be admitted to bail, pending the appeal, in the sum of four thousand dollars.