[Crim. No. 7302.   Second Dist., Div. Two.   July 22, 1960.]

In re RAYMOND JOSEPH WILKINSON, on Habeas Corpus.

Raymond Joseph Wilkinson, in pro. per., for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.

KINCAID, J. pro tem.*—Petitioner is in custody in the city jail of the city of Los Angeles serving a sentence of imprisonment therein of 90 days after having entered a plea of guilty to the misdemeanor of violating section 41.27(a) of the Los Angeles Municipal Code (intoxication in and upon a public place).

In his petition for writ of habeas corpus petitioner contends he is wrongfully detained in custody in that certain constitutional rights have been denied him. He alleges generally that he was arrested on June 21, 1960, and was arraigned in court on June 21, whereupon his case was continued for plea until June 23. On the latter date he states he was not allowed to enter a plea but was immediately sentenced to serve the above term of imprisonment. He further contends that, although his bail was set at time of his arraignment on June 21 in the sum of $20, and he was promptly permitted to place a telephone call to his son for the purpose of obtaining such bail, the son was later told on his arrival at the jail that the "petitioner was not bailable" but the son should see the judge the next morning. He further alleges his wife made an attempt to "bail petitioner out" and was told substantially the same as was told his son in this respect.

A return to the petition herein has been filed by the chief of police of the city of Los Angeles containing certified copies of the complaint and transcript of the docket in the case of

*Assigned by Chairman of Judicial Council.

*People of the State of California* versus *Raymond Joseph Wilkinson,* the petitioner herein, Municipal Court Number D-150916. These documents disclose the offense charged was committed by petitioner at about 11:20 p. m. of June 20, 1960, the complaint was filed on June 21 and his bail was set at $20. Thereafter, on June 21, he was presented before the judge. He was duly arraigned, informed of his legal rights and he thereupon entered a plea of guilty of the offense charged. His case was then continued to the next day, June 22 at 9 a. m. for sentence. He again appeared before the judge on June 22 and, for the offense of which he had pleaded guilty, was sentenced for the term as indicated. He was thereupon committed. He was represented on both court appearances by an attorney in the person of a regularly appointed public defender.

It is stipulated that the petition herein may be considered as a traverse to the return. The burden of proof was on petitioner but he offered no evidence to overcome the showing contained in the return.

From the foregoing it is clear that petitioner is in error in his statement that he received his sentence on June 23 without having had opportunity to enter a plea to the offense as charged against him. The evidence further shows that he was fully eligible to properly tendered bail in the sum of $20 from the time of arrest until the time of plea of guilty on the morning of June 21, 1960. Thereafter he was ineligible for such bail pending sentence. (Pen. Code, §§ 1271, 1273; *In re Scaggs,* 47 Cal.2d 416, 418 [303 P.2d 1009]; *Ex parte Brown,* 68 Cal. 176, 182 [8 P. 829].) Even if such bail had been offered on the evening of June 21 as contended by petitioner it would properly have been refused.

The petition being without merit the writ is discharged and the petitioner is remanded to the custody of the chief of police of the city of Los Angeles.

Fox, P. J., and Ashburn, J., concurred.